IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ROBERT A. SUMNER, JR., and KATIE JESSICA SHARKEY,<br><br>    Plaintiffs,<br><br>v.<br><br>FRENCH VILLAGE FIRE DEPARTMENT, CITY OF FAIRVIEW HEIGHTS, ST. CLAIR COUNTY, AMEREN ILLINOIS, JOHN DOES 1-20, FAIRVIEW HEIGHTS POLICE DEPARTMENT, TOM GREENE, DALLAS ALLEY, AT&T MOBILITY LLC, and ABBOTT EMS,<br><br>    Defendants. | Case No. 3:25-CV-02090-NJR |

## MEMORANDUM & ORDER

**ROSENSTENGEL, Chief Judge:**

This case arises out of the alleged "unlawful seizure" of property belonging to Plaintiffs Robert A. Sumner Jr. and Katie Jessica Sharkey. (Doc. 2 (Complaint)). Plaintiffs sued several Defendants, including the French Village Fire Department, the City of Fairview Heights, St. Clair County, Ameren Illinois, and John Does 1-20.[1] (*Id.*). Plaintiffs broadly allege that their house and garage were "unlawfully interfered with and sold during active litigation." (*Id.*). The complaint, however, does not offer a coherent liability narrative beyond the following brief allegations against *some* of the named Defendants. The French Village Fire Department allegedly "entered and used [the] property without

---

[1] The docket also identifies the Fairview Heights Police Department, Tom Greene, Dallas Alley, AT&T Mobility LLC, and Abbott EMS as Defendants in this action. Their role in this case is not clear from the face of Plaintiffs' complaint.

due process." (*Id.*). Ameren Illinois allegedly "shut off power unlawfully." (*Id.*). Staff at the St. Clair County Jail allegedly "falsely labeled [Sumner] a 'terrorist.'" (*Id.*). And some or all Defendants allegedly "issued backdated notices and attempted demolition." (*Id.*).

Plaintiffs advance seven claims for relief: "unlawful seizure" under the Fourth Amendment (Count I), "due process violations" under the Fourteenth Amendment (Count II), defamation (Count III), "retaliation" under 42 U.S.C. § 1983 (Count IV), "illegal utility shutoff" (Count V), "phone interference / surveillance" (Count VI), and "*Monell* liability" (Count VII). (*Id.*). They also request a temporary restraining order from this Court to "[s]top demolition or interference with property," "[r]estore electrical power," "[s]top any entry, seizure, or removal of property," "[p]rohibit further phone rerouting, interception, or interference," "[p]rohibit retaliation, harassment or threat," and "[p]reserve all records." (*Id.*).

The case is now before the Court on Plaintiffs' Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4). Normally, the fee for filing a complaint and opening a civil case is $405.00. Under 28 U.S.C. § 1915(a)(1), however, an indigent party may commence a federal court action without paying the required costs and fees by submitting an affidavit asserting his inability to pay the fees, the nature of the action, and the affiant's belief that he is entitled to redress. 28 U.S.C. § 1915(a)(1). Destitution is not required to proceed without prepaying fees or costs; an affidavit demonstrating that the plaintiff cannot, because of his poverty, provide himself with the necessities of life is sufficient. *Adkins v. E.I. DuPont de Nemours & Co.*, 335 U.S. 331, 339–40 (1948).

The Court is not satisfied from Plaintiffs' motion that they are indigent. First, the

motion offers no information about Sharkey's financial status. Sumner reports gross wages of $18,000. (Doc. 4 (Mot. to proceed *in forma pauperis*)). The motion suggests that Sumner receives this amount monthly, which amounts to an annual income over $200,000.[2] (*Id.*). But even if Sumner's compensation of $18,000 did not reflect his monthly take home pay, he receives $900 per month in rental income in addition to his gross wages. (*Id.*). The Court is not persuaded, based on Sumner's income, that he is unable to pay the filing fee to initiate this case. The Court therefore finds that Plaintiffs are not indigent and have sufficient income to pay the filing fee in this matter. Accordingly, Plaintiffs' motion to proceed without prepaying the filing fee is denied. Plaintiffs shall have 30 days to pay the filing fee in this matter.

## SUBJECT MATTER JURISDICTION

Although this Order addresses Plaintiffs' motion for leave to proceed *in forma pauperis*, a word on this Court's subject matter jurisdiction is in order. Federal courts are courts of limited jurisdiction. "The petitioning party must demonstrate that diversity or federal question jurisdiction exists." *Minor v. Prudential Secs., Inc.*, 94 F.3d 1103, 1105 (7th Cir. 1996). Plaintiffs' complaint, in its current form, does not permit an informed jurisdictional analysis. As a result, the Court may not proceed to the merits of their claims until its subject matter jurisdiction is established. *See State of Ill. v. City of Chicago*, 137 F.3d 474, 478 (7th Cir. 1998) ("Subject-matter jurisdiction is the first question in every case, and if the court concludes that it lacks jurisdiction it must proceed no further."). Thus, after

---

[2] Sumner filled out a form to request permission to proceed without paying the filing fee. The form asks the filer about their "pay period[s]." Sumner stated that his take home pay was $18,000 "[illegible] month." (Doc. 4).

paying the filing fee, Plaintiffs are **GRANTED** leave to file an amended complaint that properly invokes the Court's subject matter jurisdiction. The amended complaint will be due within **30 days** of Plaintiffs' payment of the filing fee.[3]

## CONCLUSION

For these reasons, Plaintiffs' Motion to Proceed in District Court Without Prepaying Fees or Costs (Doc. 4) is **DENIED**. Plaintiffs must pay the $405 filing fee on or before **January 29, 2026**. Plaintiffs' emergency motion for a temporary restraining order (Doc. 3), motion for recruitment of counsel (Doc. 5), and their second emergency motion for a temporary restraining order (Doc. 12) are **DENIED without prejudice** pending payment of the filing fee and submission of an amended complaint. Plaintiffs may refile these motions if the Court finds that the amended complaint properly invokes its subject matter jurisdiction.

**IT IS SO ORDERED.**

**DATED:  December 30, 2025**

*[signature]*

_____
**NANCY J. ROSENSTENGEL**
**Chief U.S. District Judge**

---

[3] The Court also is concerned about potential conflicts with the *Rooker-Feldman* doctrine. The *Rooker-Feldman* doctrine applies to "cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments." *Hadzi-Tanovic v. Johnson*, 362 F.4th 394, 396 (7th Cir. 2023) (internal quotation marks omitted). While "the natural temptation for losing parties to keep fighting and to look for new forums" is understandable, "it is well established that federal district and circuit courts do not have jurisdiction to review such state court decisions." *Id.* Plaintiffs' complaint relates to the alleged "interference" with their property. The property in question was (or is) the subject of ongoing litigation in state court. If Plaintiffs are asking this Court to reverse or modify a state court judgment concerning this property, such a request will likely be subject to dismissal under the *Rooker-Feldman* doctrine. *See Bombard v. Thurston*, No. 3:25-CV-01717, 2025 WL 2613531, at *3 (S.D. Ill. Sept. 9, 2025) (dismissing complaint with prejudice where plaintiff sought modification or reversal of state court eviction judgment); *Page v. Fifth Third Bank, NA*, No. 1:25-CV-405, 2025 WL 2141519, at *4 (N.D. Ill. July 28, 2025) (denying plaintiffs' request to enjoin foreclosure action under *Rooker-Feldman* doctrine because it is "the definition of seeking to alter a state court judgment.").